# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2026

Lyle W. Cayce
Clerk

No. 25-10657

---

Terrence M. Gore,

*Plaintiff—Appellant*,

*versus*

Higher Education Loan Authority of the State of
Missouri, *also known as* Mohela; Trans Union, L.L.C.,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-1417

---

Before Stewart, Graves, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Terrence Gore, proceeding *pro se*, filed an action against Trans Union, LLC and the Higher Education Loan Authority of the State of Missouri (MOHELA) for allegedly reporting false and derogatory information on his credit report. The district court granted Trans Union's motion for judgment on the pleadings and dismissed Gore's claims. Gore now challenges the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10657

court's award of $32,006.30 in attorneys' fees to Trans Union and the denial of his Rule 59(e) motion for reconsideration. We affirm.

## I.

In January 2015, Terrance Gore filed for bankruptcy. The bankruptcy was discharged, but Trans Union, a consumer credit report generator, included Gore's bankruptcy filing in his credit file. After unsuccessful attempts to remove the bankruptcy from his file, Gore brought a *pro se* action in Texas state court against Trans Union, alleging violations of Chapter 20 of the Texas Business and Commerce Code (TBCC). The state court dismissed his case on summary judgment, and the 5th District Court of Appeals of Texas affirmed. The Supreme Court of Texas denied his petition for review.

Gore again sued Trans Union, alleging it reported false and derogatory information on his credit report. Trans Union removed the case to federal court. The district court granted Trans Union's motion for judgment on the pleadings, dismissing the case. Gore appealed to this court, and we dismissed his appeal on July 31, 2024.

For a third time, Gore filed suit against Trans Union in Texas state court for reporting false and derogatory information on his credit report. He asserted various claims, including causes of action under Chapter 20 of the TBCC, and sought more than $1.3 million in damages. Trans Union again removed the case and moved for judgment on the pleadings. The court granted Trans Union's motion on *res judicata* grounds and dismissed Gore's claims. Gore again appealed to this court, and we again dismissed his appeal, this time for failure to prosecute. *See* 5TH CIR. R. 42.3.

Following the district court's judgment in Gore's third action, Trans Union filed a motion in that court for attorneys' fees under Federal Rule of Civil Procedure 54(d)(2), requesting an award of $28,911.40. After

2

considering the motion, a magistrate judge set forth findings of fact and conclusions of law and recommended that the district court grant the motion and award Trans Union fees. The district court accepted the magistrate judge's findings and recommendation and awarded Trans Union $32,006.30 in fees, despite Trans Union's requesting only $28,911.40. In doing so, the court concluded "that the total lodestar amount of $32,006.30 for Trans Union's attorneys' fees [was] reasonable and necessary for successfully defending Trans Union in th[e] lawsuit." Gore filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e)—challenging both the fee award and dismissal of his case—which the court denied. He then noticed this appeal.

## II.

Examining Gore's Rule 59(e) motion, it is clear he sought reconsideration of the court's award of attorneys' fees, which we address below. It is less clear whether he also raised a challenge to the court's judgment on the pleadings for Trans Union. Reading his Rule 59(e) motion liberally, we conclude Gore sought reconsideration of that ruling as well. *See Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023) ("We also construe [appellant's] filings liberally because he is a *pro se* litigant.").

"Generally a notice of appeal 'shall designate the judgment, order or part thereof appealed from.'" *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981) (citing FED. R. APP. P. 3(c)). "[A] policy of liberal construction of notices of appeal prevails in situations where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party." *Id.* Despite this, "[w]here the appellant notices the appeal of a specified judgment only . . . this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." *Id.*

No. 25-10657

Gore's notice of appeal in this case states:

> Plaintiff TERRENCE M. GORE, pro se, appeals to the United States Court of Appeals for the Fifth Circuit from: 1. The Final Order and Judgment . . . awarding attorneys' fees and costs to Defendant Trans Union LLC; and 2. The Order . . . denying Plaintiff's Rule 59(e) Motion for Reconsideration.

The intent of Gore's notice of appeal is clear: He intended to appeal from both the order awarding attorneys' fees to Trans Union as well as the denial of his Rule 59(e) motion. And to the extent that motion sought reconsideration of the district court's dismissal of his claims, we may reach that issue as well. *See Hoyle v. City of Hernando*, No. 23-60451, 2024 WL 4039746, at *2–4 (5th Cir. Sept. 4, 2024) (reviewing underlying judgment on pleadings on appeal of denial of Rule 59(e) motion).

"This court reviews the denial of a motion for reconsideration for an abuse of discretion." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019). "Under this standard, the district court's decision need only be reasonable." *Id.* "[T]o the extent that the denial involved reconsideration of a question of law, . . . we review *de novo*." *Vuoncino v. Forterra, Inc.*, 140 F.4th 200, 206 (5th Cir. 2025) (italics added).

With the benefit of liberal construction, Gore asserted in his Rule 59(e) motion that the district court erred in its underlying dismissal of his claims on *res judicata* grounds and in denying him leave to file a second amended complaint. He now also requests this court reinstate appeal No. 24–10213, his prior appeal from the district court's judgment in his second lawsuit, and consolidate it with this third appeal.

But a Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins.*

*Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). "Moreover, they cannot be used to argue a case under a new legal theory." *Id.* (citing *Meyer*, 781 F.2d at 1268). Gore's assertions concerning the judgment on the pleadings run afoul of these rules. He fails to show any legal infirmity in the district court's earlier judgment, much less raise any circumstance justifying reconsideration of that ruling. For the same reasons, to the extent he maintains that he should be allowed leave to file a new complaint or consolidate this appeal with his prior one, those claims lack merit. It follows that he fails to show the district court abused its discretion in denying his Rule 59(e) motion as to these issues.

## III.

Gore launches multiple challenges to the district court's fee award. He asserts: the court erred in awarding Trans Union's attorneys' fees based on a dismissal without prejudice and without a finding that his claims were frivolous or made in bad faith; the Fair Credit Reporting Act (FCRA) preempts the prevailing party attorneys' fee provision in § 20.08(c) of the TBCC; Trans Union failed adequately to segregate its attorneys' fees among his three separate actions; the court erred in awarding $32,006.30 in fees when Trans Union requested only $28,911.40; and the court violated his due process rights in dismissing his claims and awarding attorneys' fees against him.

"This court reviews awards or denials of attorney's fees for abuse of discretion; factual findings supporting a fee award are reviewed for clear error, and legal conclusions underlying a fee award are reviewed *de novo*." *Janvey v. Dillon Gage, Inc. of Dall.*, 856 F.3d 377, 392 (5th Cir. 2017) (italics added).

Gore's first contention, that the district court could not award fees without first finding that his claims were frivolous or made in bad faith, is flawed because it conflates the TBCC's standard with that of the federal

FCRA. TBCC § 28.08(c) states: "A prevailing party in an action or arbitration proceeding brought under this section *shall* be compensated for the party's attorney fees and costs . . . ." (emphasis added). As we have observed, that statute "allows a recovery of attorneys' fees to the prevailing party unconditionally . . . ." *Gore v. Trans Union LLC*, No. 25-10654, 2026 WL 268223, at *2 (5th Cir. Feb. 2, 2026). By contrast, "the FCRA allows a recovery of fees to a prevailing party only upon a showing that the non-prevailing party acted in bad faith or for the purposes of harassment." *Id.* Under the Texas statute, the district court did not abuse its discretion in awarding Trans Union attorneys' fees without first finding that Gore's claims were made in bad faith or frivolously.

Gore's preemption argument suffers a similar fate. He cites no authority, beyond generalized statements of law, to support that the FCRA preempts TBCC § 28.08(c). And consumers like Gore can pursue all available claims under the FCRA and avoid the mandatory fee shifting provision of the TBCC by simply omitting state law claims. *See Gore v. Trans Union LLC*, No. 05-23-00659-CV, 2024 WL 4449499, at *4–5 (Tex. App. Oct. 9, 2024), *review denied* (June 6, 2025). Regardless, Gore fails to show that the FCRA preempts the TBCC.

We next consider Gore's fee segregation argument. "[T]his court considers arguments forfeited if they are not raised before a magistrate judge." *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024). After Trans Union filed its attorneys' fee motion before the magistrate judge, Gore filed a response in opposition. Notably absent from his response is any assertion that Trans Union failed adequately to segregate its attorneys' fees among his three actions. Consequently, Gore forfeited this issue. And he fails to show his forfeited argument is subject to any exception allowing us to reach it. *See Rollins v. Home Depot USA*, 8 F.4th 393, 398 (5th Cir. 2021) (noting that jurisdictional questions are exception to forfeiture

rules, as are "purely legal matter[s]" when "failure to consider the[m] . . . will result in a miscarriage of justice").

Gore also forfeited his assertion that the court erred when it awarded Trans Union $32,006.30 in fees rather than the requested $28,911.40, by failing to raise this issue in his motion to reconsider the fee order. *See id.* at 397 ("A party forfeits an argument by failing to raise it in the first instance in the district court . . . ."). Moreover, he again fails to show that any exception applies to his forfeited argument. *See id.* at 398.

Finally, Gore's due process contention is without merit because he proffers no record evidence to support this claim.

\*    \*    \*

In sum: We reject Gore's contentions regarding the court's granting Trans Union judgment on the pleadings. His challenges to the district court's fee award likewise lack merit.

AFFIRMED.